

UNITED STATES DISTRICT COURT

NORTHERN District of GEORGIA

VELOCITY INVESTMENTS, LLC
ASSIGNEE OF PROSPER FUNDING, LLC

                Plaintiffs

v.

Joseph Blackman

                Defendant

NOTICE OF REMOVAL

1:22-CV-1320

Gwinnett County Civil Case No. 22-C-01426-S5

## NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT

TO:    The Honorable Judges of the United States District Court
         for the Northern District of Georgia

TO:    Gwinnett County Court-Clerk of Court

## GROUNDS FOR REMOVAL

1. This Court has original jurisdiction of this action under Federal Question jurisdiction pursuant to Truth-In-Lending Act, 15 U.S.C.1601, et seq. and Regulation Z, 12 C.F.R 1026 [formerly 226], promulgated pursuant thereto, and for violations of the Fair Debt Collection Practices Act 15 U.S.C 1692, and the Georgia Consumer Installment Loan Act, 7-3-1 through 7-3-11 for the foregoing reasons;

The jurisdiction of the United States District Court, in addition to the above, 28 U.S.C. 1331 and 1337. The Court has supplemental jurisdiction pursuant to 28 U.S.C. 1367.

2. Venue is proper in this District pursuant to 28 U.S.C 1391(b) because the events listed in the Complaint occurred within this judicial district.

Federal Question Jurisdiction

3. The Notice of Removal is filed within the time allowed under 28 U.S.C. 1446(b), as thirty days have not yet expired since the above-referenced Defendants were served with a copy of the Summons & Complaint.

In accordance with 28 U.S.C. 1446(b) all relevant documents will be provided to the United States District Court and is attached hereto as Exhibit A. Pursuant to 28 U.S.C. 1441(b), "Any civil action of which the District Court have original jurisdiction, founded on a claim arising under the Constitution, treaties, or law of the United States shall be removable without regard to the citizenship or residence of the parties".

March 31, 2022

Joseph Blackman, Pro se
1101 Timber Glen CT NW
Lilburn, GA 30047
404-444-4172

Civil Action No. __22-C-01426-S5__

Date Filed _____

Magistrate Court ☐
Superior Court ☐
State Court ☒
Georgia, __GWINNETT__ COUNTY

VELOCITY INVESTMENTS, LLC ASSIGNEE OF
PROSPER FUNDING LLC
_____
**Plaintiff**

**Attorney's Address**
RAGAN & RAGAN, PC
3100 BRECKINRIDGE BLVD.
SUITE 722
DULUTH, GA 30096
678-206-0621

VS.

JOSEPH BLACKMAN
_____
_____
**Defendant**

**Name and Address of Party to be Served**

JOSEPH BLACKMAN

1101 TIMBER GLEN CT SW

LILBURN GA 30047

_____
_____
**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☒ I have this day served the defendant __Joseph Blackman__ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of __Maryun Abdul (Wife)__ described as follows age, about_____ years; weight, about_____ pounds; height, about_____ feet and_____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this Court.

This __22__ day of __March, 2022__      __Sgt. Collins 0500__
                                                                                  **DEPUTY**

SHERIFF DOCKET_____ PAGE _____

_____ COUNTY, GEORGIA

WHITE: Clerk    CANARY: Plaintiff Attorney    PINK: Defendant

Form No. 811-3/W15CS000653  09/17    TO REORDER CALL: (770) 971-7060

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01426-S5**
3/10/2022 10:05 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

VELOCITY INVESTMENTS, LLC )
ASSIGNEE OF )
PROSPER FUNDING, LLC )
                                                   )
     Plaintiff, )
                                                   ) CIVIL ACTION FILE
vs. ) NO.
                                                   ) 22-C-01426-S5
JOSEPH BLACKMAN )
     Defendant. )

## SUMMONS

TO THE ABOVE NAMED DEFENDANT

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

Roy D. Reagin Jr.
Attorney for Plaintiff
Ragan & Ragan PC.
3100 Breckinridge Blvd. Suite 722
Duluth, Georgia 30096
(678) 206-0621

An Answer to the Complaint which is herewith served upon you within 30 days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This the _____ day of __10th day of March, 2022__, 20___.

Tiana P. Garner
Clerk of State Court
By_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

Gwinnett County State Court Clerk's Office
PO Box 880
Lawrenceville GA 30046

Case 1:22-cv-01320-CAP  Document 1  Filed 04/04/22  Page 5 of 14

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-01426-S5**
3/10/2022 10:05 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

VELOCITY INVESTMENTS, LLC
ASSIGNEE OF
PROSPER FUNDING, LLC

Plaintiff,

vs.

JOSEPH BLACKMAN

Defendant.

CIVIL ACTION FILE
NO.

22-C-01426-S5

## SUIT ON CONTRACT

COMES NOW Plaintiff and files this action against Defendant and states:

1. Defendant is a resident of this county, and is subject to the jurisdiction of this Court.
2. Defendant resides and may be served at 1101 TIMBER GLEN CT SW, LILBURN GA 30047.
3. Defendant executed a electronic transaction entering into a loan agreement, identified as account number ***8273, with WebBank. This loan was serviced by Prosper Funding, LLC.
4. Defendant received the loan proceeds.
5. Defendant breached the loan agreement by failing to pay as agreed and left a balance due of $27,198.69.
6. WebBank has transferred all their rights, title and interest in this loan account to Prosper Funding, LLC.
7. Plaintiff purchased the loan agreement and received written assignment of the debt at issue in this action.
8. Despite demand by Plaintiff, Defendant has failed to pay the amount due on the loan account.
9. Defendant is liable to Plaintiff for the sum of $25,418.97 in principal, $1,779.72 in interest and fees.

WHEREFORE, Plaintiff demands judgment against Defendant for the sum of $25,418.97 in principal, $1,779.72 in interest and fees, and $261.00 as court costs.

This day of February 17, 2022.

Roy D. Reagin Jr.
Georgia Bar #597235
Ragan & Ragan PC.
3100 Breckinridge Blvd. Suite 722
Duluth, Georgia 30096
Attorney for Plaintiff

GA217581

## Promissory Note

Loan ID:   8273

Borrower Address: joseph blackman,

Co-Borrower Address: N/A.

**1. Promise to Pay.** In return for a loan I (each "I" or "me" shall include all parties obligated hereunder, including any joint applicant/co-borrower) have received, I promise to pay WebBank ("you") the principal sum of twenty-six thousand dollars ($26,000.00), together with interest thereon commencing on the date of origination at the rate of fifteen point four nine percent (15.49%) per annum simple interest. I understand that, as a borrower or co-borrower, I am liable for repayment of this loan. I also understand that references in this Promissory Note ("Note") to you shall also include any person to whom you transfer this Note.

**2. Payments.** I will pay the principal, interest, and any late charges or other fees on this Note when due. This Note is payable in 59 monthly installments of $625.25 each, consisting of principal and interest, commencing on the 18th day of June 2020, and continuing until the final payment of $649.66 on May 18 2025, which is the maturity date of this Note. Because of the daily accrual of interest on my loan and the effect of rounding, my final payment may be more or less than my regular payment. My final payment shall consist of the then remaining principal, unpaid accrued interest and other charges due under this Note. All payments will be applied first to any unpaid fees then due, whether they are incurred as a result of failed payments, as provided in Paragraph 11, payment processing fees assessed, or any late payments, as provided in Paragraph 4; then to any interest then due; and then to principal. However, if I am delinquent, the application of my payments may change. No unpaid interest, fees or charges will be added to principal. I further acknowledge that, if I make my payments after the scheduled due date, or incur a charge/fee, this Note will not amortize as originally scheduled, which may result in a substantially higher final payment amount.

**3. Interest.** Interest will be charged on unpaid principal until the full amount of principal has been paid. Interest under this Note will accrue daily, on the basis of a 365-day year. The interest rate I will pay will be the rate I will pay both before and after any default.

**4. Late Charge.** If the full amount of any monthly payment is not made by its due date, I will pay you a late charge of the greater of $15 or 5.00% of the unpaid portion of the monthly payment. I will pay this late charge when it is assessed but only once on each late payment.

**5. Claims and Defenses; Waiver of Defenses; Exception to Waiver.** Except as otherwise provided in this Note, you are not responsible or liable to me for the quality, safety, legality, or any other aspect of any property or services purchased with the proceeds of my loan. If I have a dispute with any person from whom I have purchased such property or services, I agree to settle the dispute directly with that person.

If and only if the proceeds of my loan will be applied in whole or part to purchase property or services from a person or entity that has entered into a contractual relationship with you or Prosper related to financing of such property or services, the following notice may apply:

### NOTICE

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**6. Certifications.** I certify that the proceeds of my loan will not be applied in whole or in part to postsecondary educational expenses (i.e., tuition, fees, required equipment or supplies, or room and board) at a college/university/vocational school, as the term "postsecondary educational expenses" is defined in Bureau of Consumer Financial Protection Regulation Z, 12 C.F.R. Ã‚Â§ 1026.46(b)(3). I also certify that the proceeds of my loan will be received by me or otherwise used for my benefit. For purposes of clarity, the words "I", "me" and "my" in this Section shall include any co-borrower

**7. Method of Payment.** I may make payments (i) by electronic fund transfer from an account that I designate using an automated clearinghouse (ACH) or (ii) by check.

I understand that payments by check may incur an additional processing fee of up to $5.00 for each payment by check. Currently applicable fees are available at www.prosper.com or by calling 1-866-615-6319. I will make all checks payable to Prosper Funding LLC and send them to Prosper Marketplace, Inc., P.O. Box 396081, San Francisco, CA 94139-6081 in a manner so as to ensure that it is received with sufficient time to process prior to my scheduled payment due date. To ensure efficient processing of my check, I will reference my loan number on the check.

I recognize that if I have automated withdrawal enabled, it is my responsibility to ensure that all amounts I owe are paid when due, even if not debited from my account.

If I close my account or if my account changes or is otherwise inaccessible such that you are unable to withdraw my payments from that account or process my check, I will notify you at least three (3) business days prior to any such closure, change or inaccessibility of my account, and authorize you to withdraw my payments, or I will provide a check, from another account that I designate.

With regard to payments made by automatic withdrawals from my account, I have the right to (i) stop payment of a preauthorized automatic withdrawal, or (ii) revoke my prior authorization for automatic withdrawals with regard to all further payments under this Note, by notifying the financial institution where my account is held, orally or in writing at least three (3) business days before the scheduled date of the transfer. I agree to

notify you orally or in writing, at least three (3) business days before the scheduled date of the transfer, of the exercise of my right to stop a payment or to revoke my prior authorization for further automatic withdrawals.

**8. Default and Remedies.** If I fail to make any payment when due in the manner required by Paragraph 7, I will be delinquent. If I (a) am delinquent, (b) file or have instituted against me (which, for purposes of clarity, shall mean either party obligated under this Note) a bankruptcy or insolvency proceeding or make any assignment for the benefit of creditors, or (c) in the event of my death, (which, for purposes of clarity, shall mean either party obligated under this Note), you may in your sole discretion deem me in default and accelerate the maturity of this Note and declare all principal, interest and other charges due under this Note immediately due and payable. You also have sole discretion to proceed against any party obligated under this Note. If you deem me in default due to delinquency and if you exercise the remedy of acceleration, you will use reasonable efforts to provide prior notice of acceleration.

**9. Prepayments.** I may prepay this Note in full or in part at any time without penalty. I acknowledge that partial prepayments will not change the due date or amount of my monthly payment.

**10. Waivers.** You may accept late payments or partial payments, even though marked "paid in full," without losing any rights under this Note, and you may delay enforcing any of your rights under this Note without losing them. You do not have to (a) demand payment of amounts due (known as "presentment"), (b) give notice that amounts due have not been paid (known as "notice of dishonor"), or (c) obtain an official certification of nonpayment (known as "protest"). I hereby waive presentment, notice of dishonor and protest. Even if, at a time when I am in default, you do not require me to pay immediately in full as described above, you will still have the right to do so if I am in default at a later time. Neither your failure to exercise any of your rights, nor your delay in enforcing or exercising any of your rights, will waive those rights. Furthermore, if you waive any right under this Note on one occasion, that waiver will not operate as a waiver as to any other occasion.

**11. Insufficient Funds Charge.** If I attempt to make a payment, whether by automated withdrawal from my designated account or by other means, and the payment cannot be made due to (i) insufficient funds in my account, (ii) the closure, change or inaccessibility of my account without my having notified you as provided in Paragraph 7, or (iii) for any other reason (other than an error by you), I will pay you an additional fee of $15.00 for each returned or failed automated withdrawal or other item, unless prohibited by applicable law. I will pay this fee when it is assessed.

**12. Attorneys' Fees.** To the extent permitted by law, I am liable to you for your legal costs if you refer collection of my loan to a lawyer who is not your salaried employee. These costs may include reasonable attorneys' fees as well as costs and expenses of any legal action.

**13. Loan Charges.** If a law that applies to my loan and sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with my loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. You may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me.

**14. Assignment.** I may not assign any of my obligations under this Note without your written permission. You may assign this Note at any time without my permission. Unless prohibited by applicable law, you may do so without telling me. My obligations under this Note apply to all of my heirs and permitted assigns. Your rights under this Note apply to each of your successors and assigns.

**15. Notices.** All notices and other communications hereunder shall be given in writing and shall be deemed to have been duly given and effective (i) upon receipt, if delivered in person or by facsimile, email or other electronic transmission, or (ii) one day after deposit prepaid for overnight delivery with a national overnight express delivery service. Except as expressly provided otherwise in this Note, notices to me may be addressed to my registered email address or to my address set forth above unless I provide you with a different address for notice by giving notice pursuant to this Paragraph, and notices to you must be addressed to WebBank at legal@prosper.com or c/o Prosper Marketplace, Inc., 221 Main Street, Third Floor, San Francisco, CA 94105, Attention: Legal Department. I also acknowledge and agree that, if this loan has both a borrower and a co-borrower, notice may be given to either of us and that such notice shall be deemed to have been duly given to and effective for both of us, except as otherwise provided by applicable law.

**16. Governing Law.** This Note is governed by federal law and, to the extent that state law applies, the laws of the State of Utah.

**17. Miscellaneous.** No provision of this Note shall be modified or limited except by an agreement signed by both you and me. The unenforceability of any provision of this Note shall not affect the enforceability or validity of any other provision of this Note.

**18. Arbitration. RESOLUTION OF DISPUTES: I HAVE READ THIS PROVISION CAREFULLY, AND UNDERSTAND THAT IT LIMITS MY RIGHTS IN THE EVENT OF A DISPUTE BETWEEN YOU AND ME. I UNDERSTAND THAT I HAVE THE RIGHT TO REJECT THIS PROVISION, AS PROVIDED IN PARAGRAPH (i) BELOW.**

(a) In this Resolution of Disputes provision:

(i) "I", "me" and "my" mean the promisor under this Note, as well as any person claiming through such promisor;

(ii) "You" and "your" mean WebBank, any person servicing this Note for WebBank, any subsequent holders of this Note or any interest in this Note, any person servicing this Note for such subsequent holder of this note, and each of their respective parents, subsidiaries, affiliates, predecessors, successors, and assigns, as well as the officers, directors, and employees of each of them; and

(iii) "Claim" means any dispute, claim, or controversy (whether based on contract, tort, intentional tort, constitution, statute, ordinance, common law, or equity, whether pre-existing, present, or future, and whether seeking monetary, injunctive, declaratory, or any other relief) arising from or relating to this Note or the relationship between you and me (including claims arising prior to or after the date of the Note, and claims that are

currently the subject of purported class action litigation in which I am not a member of a certified class), and includes claims that are brought as counterclaims, cross claims, third party claims or otherwise, as well as disputes about the validity or enforceability of this Note or the validity or enforceability of this Section.

(b) Any Claim shall be resolved, upon the election of either you or me, by binding arbitration administered by the American Arbitration Association or JAMS, under the applicable arbitration rules of the administrator in effect at the time a Claim is filed ("Rules"). **Any arbitration under this arbitration agreement will take place on an individual basis; class arbitrations and class actions are not permitted.** If I file a claim, I may choose the administrator; if you file a claim, you may choose the administrator, but you agree to change to the other permitted administrator at my request (assuming that the other administrator is available). I can obtain the Rules and other information about initiating arbitration by contacting the American Arbitration Association at 1633 Broadway, 10th Floor, New York, NY 10019, www.adr.org; or by contacting JAMS at 1920 Main Street, Suite 300, Irvine, CA 92614, (949) 224-1810, www.jamsadr.com. Your address for serving any arbitration demand or claim is WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, Third Floor, San Francisco, CA 94105, Attention: Legal Department.

(c) Claims will be arbitrated by a single, neutral arbitrator, who shall be a retired judge or a lawyer with at least ten years' experience. You agree not to invoke your right to elect arbitration of an individual Claim filed by me in a small claims or similar court (if any), so long as the Claim is pending on an individual basis only in such court.

(d) You will pay all filing and administration fees charged by the administrator and arbitrator fees up to $1,000, and you will consider my request to pay any additional arbitration costs. If an arbitrator issues an award in your favor, I will not be required to reimburse you for any fees you have previously paid to the administrator or for which you are responsible. If I receive an award from the arbitrator, you will reimburse me for any fees paid by me to the administrator or arbitrator. Each party shall bear its own attorney's, expert's and witness fees, which shall not be considered costs of arbitration; however, if a statute gives me the right to recover these fees, or fees paid to the administrator or arbitrator, then these statutory rights will apply in arbitration.

(e) Any in-person arbitration hearing will be held in the city with the federal district court closest to my residence, or in such other location as you and we may mutually agree. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act, 9 U.S.C. § 1-16, and, if requested by either party, provide written reasoned findings of fact and conclusions of law. The arbitrator shall have the power to award any relief authorized under applicable law. Any appropriate court may enter judgment upon the arbitrator's award. The arbitrator's decision will be final and binding except that: (1) any party may exercise any appeal right under the FAA; and (2) any party may appeal any award relating to a claim for more than $100,000 to a three-arbitrator panel appointed by the administrator, which will reconsider de novo any aspect of the appealed award. The panel's decision will be final and binding, except for any appeal right under the FAA. Unless applicable law provides otherwise, the appealing party will pay the appeal's cost, regardless of its outcome. However, you will consider any reasonable written request by me for you to bear the cost.

(f) YOU AND I AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN OUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. Further, unless both you and I agree otherwise in writing, the arbitrator may not consolidate more than one person's claims, except that claims brought by joint applicants or co-borrowers relating to the same loan transaction shall be consolidated. The arbitrator shall have no power to arbitrate any Claims on a class action basis or Claims brought in a purported representative capacity on behalf of the general public, other borrowers, or other persons similarly situated. The validity and effect of this paragraph (f) shall be determined exclusively by a court, and not by the administrator or any arbitrator.

(g) If any portion of this Section 18 is deemed invalid or unenforceable for any reason, it shall not invalidate the remaining portions of this section. However, if paragraph (f) of this Section 18 is deemed invalid or unenforceable in whole or in part, then this entire Section 18 shall be deemed invalid and unenforceable. The terms of this Section 18 will prevail if there is any conflict between the Rules and this section.

(h) **YOU AND I AGREE THAT, BY ENTERING INTO THIS NOTE, THE PARTIES ARE EACH WAIVING THE RIGHT TO A TRIAL BY JURY OR TO PARTICIPATE IN A CLASS ACTION. YOU AND I ACKNOWLEDGE THAT ARBITRATION WILL LIMIT OUR LEGAL RIGHTS, INCLUDING THE RIGHT TO PARTICIPATE IN A CLASS ACTION, THE RIGHT TO A JURY TRIAL, THE RIGHT TO CONDUCT FULL DISCOVERY, AND THE RIGHT TO APPEAL (EXCEPT AS PERMITTED IN PARAGRAPH (e) OR UNDER THE FEDERAL ARBITRATION ACT).**

(i) I understand that I may reject the provisions of this Section 18, in which case neither you nor I will have the right to elect arbitration. Rejection of this Section 18 will not affect the remaining parts of this Note. To reject this Section 18, I must send you written notice of my rejection within 30 days after the date that this Note was made. I must include my name, address, and account number. The notice of rejection must be mailed to WebBank, c/o Prosper Marketplace, Inc., 221 Main Street, San Francisco, CA 94105, Attention: Legal Department. This is the only way that I can reject this Section 18.

(j) You and I acknowledge and agree that the arbitration agreement set forth in this Section 18 is made pursuant to a transaction involving interstate commerce, and thus the Federal Arbitration Act shall govern the interpretation and enforcement of this Section 18. This Section 18 shall survive the termination of this Note and the repayment of any or all amounts borrowed thereunder.

(k) This section shall not apply to covered borrowers as defined in the Military Lending Act.

**19. Electronic Transactions.** THIS NOTE INCLUDES YOUR EXPRESS CONSENT TO ELECTRONIC TRANSACTIONS AND DISCLOSURES, WHICH CONSENT IS SET FORTH IN THE PARAGRAPH ENTITLED "CONSENT TO DOING BUSINESS ELECTRONICALLY" AS DISCLOSED IN PROSPER'S TERMS OF USE ON PROSPER.COM, THE TERMS AND CONDITIONS OF

WHICH ARE EXPRESSLY INCORPORATED HEREIN IN THEIR ENTIRETY. YOU EXPRESSLY AGREE THAT THIS NOTE MAY COMPRISE A "TRANSFERABLE RECORD" FOR ALL PURPOSES UNDER THE ELECTRONIC SIGNATURES IN GLOBAL AND NATIONAL COMMERCE ACT AND THE UNIFORM ELECTRONIC TRANSACTIONS ACT.

**20. Registration of Note Owners.** I have appointed Prosper Funding LLC as my authorized agent (in such capacity, the "Note Registrar") to maintain a book-entry system (the "Register") for recording the beneficial owners of interests in this Note (the "Note Owners"). The person or persons identified as the Note Owners in the Register shall be deemed to be the owner(s) of this Note for purposes of receiving payment of principal and interest on such Note and for all other purposes. With respect to any transfer by a Note Owner of its beneficial interest in this Note, the right to payment of principal and interest on this Note shall not be effective until the transfer is recorded in the Register.

**21. Joint and Several Liability.** I acknowledge and agree that if this loan has both a borrower and a co-borrower, (a) each of us shall be jointly and severally liable for all obligations under this Note, (b) you may proceed against either of us to enforce such obligations without waiving your right to proceed against the other, and (c) you may proceed against either of us without first proceeding against the other.

**22. State Notices**

<u>California Residents</u>

Married registrants may apply for a separate account. As required by law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

<u>Iowa Residents</u>

NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

**IMPORTANT: READ BEFORE SIGNING. The terms of this agreement should be read carefully because only those terms in writing are enforceable. No other terms or oral promises not contained in this written contract may be legally enforced. I may change the terms of this agreement only by another written agreement.**

<u>Kansas Residents</u>

NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty.

<u>Missouri Residents</u>

**Oral or unexecuted agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect me (borrower(s)) and you (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between us, except as we may later agree in writing to modify it.**

<u>Nebraska Residents</u>

A credit agreement must be in writing to be enforceable under Nebraska law. To protect you and me from any misunderstandings or disappointments, any contract, promise, undertaking, or offer to forebear repayment of money or to make any other financial accommodation in connection with this loan of money or grant or extension of credit, or any amendment of, cancellation of, waiver of, or substitution for any or all of the terms or provisions of any instrument or document executed in connection with this loan of money or grant or extension of credit, must be in writing to be effective.

<u>New Jersey Residents</u>

Because certain provisions of this Note are subject to applicable laws, they may be void, unenforceable or inapplicable in some jurisdictions. None of these provisions, however, is void, unenforceable or inapplicable in New Jersey.

<u>Ohio Residents</u>

The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio civil rights commission administers compliance with this law.

<u>Utah Residents</u>

As required by Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

This Note is the final expression of the agreement between the parties and may not be contradicted by evidence of any alleged oral agreement.

<u>Vermont Residents</u>

*NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF*

*THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.*

<u>Washington Residents:</u>

For primarily non-consumer purpose loans: Oral agreements or oral commitments to loan money, extend credit or to forbear from enforcing repayment of a debt are not enforceable under Washington law.

<u>Wisconsin Residents</u>

No provision of a marital property agreement, a unilateral statement or a court decree adversely affects the interest of the creditor unless the creditor, prior to the time the credit is granted, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred.

23. **Military Lending Act.** The Military Lending Act provides specific protections for active duty service members and their dependents in consumer credit transactions. This Section includes information on the protections provided to covered borrowers as defined in the Military Lending Act.

(a) Statement of MAPR.

Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

(b) Section 18 of this Note shall not be applicable to, and shall not be enforceable against, a covered borrower as defined in the Military Lending Act

(c) Oral Disclosures. Please call 1-855-993-2967 to obtain oral disclosures, including the statement of MAPR and the payment schedule applicable to your loan, required under the Military Lending Act.

24. **Borrower Authorizations and Instructions** If this loan has both a borrower and a co-borrower, any authorization or instruction that either of us provides to you may be treated by you as effective for both of us.

25. By signing this Note, I acknowledge that I (i) have read and understand all terms and conditions of this Note, (ii) agree to the terms set forth herein, and (iii) acknowledge receipt of a completely filled-in copy of this Note.

Wisconsin Residents: NOTICE TO CUSTOMER: (a) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (b) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (c) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

Date: May 18 2020

By: Prosper Marketplace, Inc.

Attorney-in-Fact for Borrower and Co-Borrower (if applicable):

joseph blackman [Borrower]

(Signed Electronically)

[Co-Borrower]

(Signed Electronically)

Last Updated: November 2019

# Truth in Lending Disclosure Statement (final)

Provided on 15-May-2020 for listing #

| Lender: | Borrower: |
|---|---|
| WebBank<br>215 South State Street, Suite 1000<br>Salt Lake City, UT 84111 | joseph blackman |

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br>**17.85%** | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br>**$12,839.41** | Amount Financed<br>The amount of credit provided to you or on your behalf<br>**$24,700.00** | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled.<br>**$37,539.41** |
|---|---|---|---|

**Your payment schedule will be:**

| Number of payments | Amount of payments | When payments are due |
|---|---|---|
| 59 | $625.25 | Monthly beginning Jun-18-2020 |
| 1 | $649.66 | Final payment May-18-2025 |

**Late Charge:** If a payment is late, you will be charged the greater of 5.00% of the unpaid installment amount, or $15.

**Prepayment:** If you pay off early, you will not have to pay a penalty, and you will not be entitled to a refund of any prepaid finance charge.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment.

Itemization of the Amount Financed of $24,700.00:
$24,700.00 given to you directly.

$1,300.00 Prepaid Finance Charge

## CERTIFICATE OF LOAN SALE

WebBank, a Utah-chartered industrial bank located in Salt Lake City, Utah ("Originator"), hereby certifies that:

1. Originator originates loans that are serviced by Prosper Funding LLC or its affiliate Prosper Marketplace, Inc.

2. Each of the loans identified by loan number on the attached Exhibit A (each, a "Loan") was originated by WebBank.

3. On or about the respective Closing Date set forth on Exhibit A, Originator transferred or otherwise conveyed to Prosper Funding LLC each Asset identified on Exhibit A.

4. Originator transferred, assigned, and conveyed to Prosper Funding LLC and its successors and permitted assigns, all right, title and interest the Originator held in each Asset free and clear of any lien created by Originator, except for any interest of Prosper Funding LLC and its affiliates.

5. Prosper Funding LLC or its affiliate Prosper Marketplace, Inc. was Servicer of each Asset from the origination of the Asset to the sale by Originator to Prosper Funding LLC. In its role as servicer of the Asset, during the period Originator owned the Asset, Prosper Funding LLC kept and maintained business records on behalf of WebBank in the regular course of business.

WEBBANK
By: *[signature]*
Name: Jon Sargent
Title: VP
Date: 6/24/21

Sale Date:   1/13/2021

Acct No   Issued Date

8273   5/18/2020

## BILL OF SALE

For value received and pursuant to the terms and conditions of the Purchase and Sale Agreement dated August 10, 2017, Prosper Funding LLC (on behalf of itself and Prosper Marketplace, Inc., a Delaware corporation, as "Initial Seller", and on behalf of Additional Sellers as "Servicer") hereby assigns effective as of the applicable Closing Date all rights, title and interest in and to those certain charged-off loans and/or related participation interests and all related receivables, judgments or evidences of debt described in Exhibit I attached hereto and made part hereof for all purposes to Velocity Investments, LLC ("Purchaser").

FILE NAME AND NUMBER: VEL_FF_01082020_FINAL

NUMBER OF ACCOUNTS:

TOTAL UNPAID BALANCE:

CLOSING DATE: Jan 13th, 2021

PROSPER FUNDING LLC, as INITIAL SELLER

By: _____

Name: John Goldston
Title: Administrative Officer
Date: Jan 13th, 2021


PROSPER MARKETPLACE, INC.,
As SERVICER on behalf of certain ADDITIONAL SELLERS

By: _____

Name: John Goldston
Title: Administrative Officer
Date: Jan 13th, 2021